Memorandum of Decision
This case presents a petition by the Commissioner of the Department of Children and Families ("DCF") for the termination of the parental rights of Annie A., the female biological parent of the above listed children and Luis O. S., the male biological parent of the oldest child Jasmin. Luis was served by constructive notice, he has never participated in the child's life, nor in these proceedings. He has not acknowledged paternity. CT Page 6853
The male biological parent of the other children is Carlos D. The male biological parent of the four youngest children executed a consent to terminate his rights on the morning of the day scheduled for a contested trial. He was canvassed the plea was found to be knowingly and voluntarily entered with the assistance of counsel. The petitioner was granted the right to amend the petition to reflect the consent.
The mother of the children who acknowledges her inability to parent, was present in court and, through counsel, represented to the court that she cares for these children, she wants the best for the children and that she would not present a defense to the petition. She is presently incarcerated and is unable to provide the daily care and attention needed by these children.
The court, having read the verified petition, the social studies, and the documents entered into evidence makes the following findings with respect to the statutory grounds for termination of parental rights. The court finds by clear and convincing evidence that the children have been found in a prior proceeding to have been neglected on January 11, 1996 (Keller, J.).
With respect to the statutory grounds for termination of parental rights of the father, Luis S., the court finds by clear and convincing evidence that the male biological parent of Jasmine, has failed to support the child or manifest any parental interest, whatsoever, and has abandoned her as that term is defined in General Statutes § 17a-112 (c)(3)(A).
With respect to the statutory grounds for termination of parental rights of the mother, Annie A., the court finds by clear and convincing evidence that the children have previously been adjudicated neglected and/or uncared for and the mother has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time considering the age and needs of the child, she could assume a responsible position in the lifes of these children.
The court finds that these grounds have existed for more than one year.
Required Findings: (No findings need be made for the consenting father Carlos D.) CT Page 6854
The court makes the following factual findings required by17a-112 (e):
1) Appropriate and timely services were provided by the Department of Children and Families, including family violence counseling, substance abuse therapy, Padres y Ninos, parenting classes, reunification programs, and visitation coordination for mother. Luis S. was not available for the delivery of services.
2) The court finds by clear and convincing evidence that the Department of Children and Families made reasonable efforts to reunify the family, given the situation and circumstances, as far as possible. The court finds in this proceeding that the father Luis was unable or unwilling to benefit from reunification efforts. Mother's inability or unwillingness to address her multitude of personal problems, has prevented successful reunification efforts.
3) The Department, with the approval of the Court, set reasonable and realistic expectations and service agreements in order to reunify the family. There was only marginal compliance or participation by the mother for a long period of time. Recently she has attempted to comply and complete her court expectations until her present incarceration prevented further work on her parenting inadequacies. Jasmine's father did not make himself available to participate in reunification efforts. A reunification effort with mother and Jennifer in April of 1997 was unsuccessful.
4) The youngest children have strong emotional ties with their foster families who have provided the physical, emotional and educational support these children need. They are in potentially pre-adoptive homes. Only the oldest child Jasmine recognizes her mother's inability to care for the children. DCF is attempting to locate an appropriate home for her. Jasmine has no positive emotional connection to her biological father. The younger children have varying understanding of their biological mother's situation.
5) Finding regarding the age of the children. Jasmine is ten, Yohaira is eight, Christina is seven, Stephanie is six, and Jennifer is five. The children have been in foster care for nearly four years. These children require stability of placement and continuity of care. CT Page 6855
6) Finding regarding efforts of the parents to adjust their circumstances, conduct or conditions etc. The male biological parent of Jasmine has conscientiously disregarded his child. He has made choices in life that have precluded him from parenting. Giving him additional time to establish a relationship where none now exists, would not be in the child's best interest. In re LuisC. 210 Conn. 157 (1989); In re Juvenile Appeal 183 Conn. 11,15.(1981). The mother has also made life choices adverse to an appropriate parenting lifestyle. She has been unable to adjust her circumstances to be physically and emotionally available to these children on a day-to-day basis. Giving her additional time to establish a parental relationship and to obtain and demonstrate her parenting skills, would not be in the children's best interest.
7) Finding regarding the prevention of the parents from having a meaningful relationship etc. The substance abuse and criminal behavior of the mother has resulted in her recent arrest and incarceration. No unreasonable conduct is noted. The mother has had visitation with the children.
 DISPOSITION
The court finds that the grounds and circumstances have existed over an extended period of time which is greater than one year. The court finds, based upon the evidence presented, that it would be in the children's best interest to terminate the parental rights of Annie A., due to her failure to rehabilitate herself as a parent; to terminate Luis S. for his abandonment of his daughter; and to terminate the parental rights of Carlos D. by his consent. This finding is made after considering the children's sense of time, their need for a secure and permanent environment, the relationship that the children have with their foster parents, and the totality of circumstances that the termination of parental rights is in the children's best interest. In re Juvenile Appeal (Anonymous) supra,177 Conn at 667-68. See generally, J. Goldstein, A. Freud A. Solnit, Beyondthe Best Interests of the Child (1979).
Based upon the foregoing findings, it is accordingly, ORDERED that the parental rights are hereby terminated. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent. A permanency plan shall be submitted within 90 days. A Permanency Plan for Terminated Children shall be filed in accordance with Federal Law. CT Page 6856
Franics J. Foley, Presiding Judge, Child Protection Session